### ROSS *v.* FLETCHER.

GILBERT, J. Fletcher sold a number of cows to Ross, in August, 1917, receiving five checks for the payment of the purchase-price. Four of the checks were paid by the bank on which they were drawn, while payment on the fifth was refused on account of insufficient funds. In September, 1917, Ross purchased another lot of cattle from Fletcher for the sum of $3869, and to secure payment therefor executed and delivered to Fletcher a mortgage on these cows. Before the purchase-money for the latter lot of cattle became due, Fletcher filed a petition in equity, alleging the above-stated facts; and also, that Ross was fraudulently disposing of some of the cows included in both of the purchases, was butchering and selling others, had invested the proceeds from the sale of some of the mortgaged cows in hogs, and was endeavoring to fraudulently dispose of the hogs; that Ross had undertaken to execute a fraudulent and pretended sale of the cows to his brother; that those cows still in the custody and control of Ross were being mistreated and were not given sufficient feed and water, causing loss in the market value of some and loss of others by death; and that the defendant was insolvent. The petition prayed for injunction and receiver for all of the cows included in both purchases, still in the actual or constructive possession of the defendant and capable of seizure, and also for the hogs. The purchases of the two lots of cows, insolvency and indebtedness were admitted; otherwise the allegations were denied. After hearing the evidence the court granted a temporary injunction, appointed a receiver, and ordered all of the property sold after due advertisement; requiring the receiver to keep a separate account of the mortgaged property and the unmortgaged property sold. To this judgment the defendant excepted. *Held:*

1. Under the pleadings and the evidence the court did not err in granting an injunction and appointing a receiver, in so far as the judgment applied to the cows covered by the mortgage and the hogs purchased with the proceeds derived from the sale of mortgaged cows, there being evidence sufficient to authorize the court to find that the hogs were purchased with proceeds from the sale of such cows.

2. It was erroneous to grant an injunction and appoint a receiver in so

far as the judgment had reference to the cows on which there was no lien. "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." Civil Code, § 5495.

3. Accordingly the judgment of the trial court is affirmed, with direction that on the filing of the remittitur in the trial court the judgment be amended to conform to the above rulings.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*

No. 766. MAY 17, 1918.

Injunction and receivership. Before Judge Eve. Tift superior court. December 4, 1917.

*B. C. Williford* and *Passmore & Forehand,* for plaintiff in error.
*J. S. Ridgdill* and *R. D. Smith,* contra.